UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN L. BRILMYER<br>PLAINTIFF<br><br>v.<br><br>UNIVERSITY OF CHICAGO and<br>THE STANDARD INSURANCE COMPANY<br>DEFENDANTS | CIVIL ACTION<br><br>Docket Number<br><br>04-40258 |

## COMPLAINT

### I. PARTIES

1. Karen L. Brilmyer ("Brilmyer"), the plaintiff in the above captioned matter, a natural person, resides at 17562 SE 81st Parnassus Court, The Villages, Florida 32162.

2. University of Chicago (the "University of Chicago"), a defendant in the above captioned matter and, upon information and belief, an Illinois corporation, has a principal place of business at University Human Resource Management, 956 E 58th Street, Chicago, Illinois 60637.

3. The Standard Insurance Company ("Standard Insurance"), a defendant in the above captioned matter and, upon information and belief, an Oregon corporation, has a principal place of business at 900 SW Fifth Avenue, Portland, Oregon 97204.

### II. JURISDICTION AND VENUE

4. Jurisdiction is properly found in this Court pursuant to 29 U.S.C. §1132(e)(2), as the breach which is the subject of this action occurred in Massachusetts. Massachusetts

RECEIPT # 404475
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED
BY DPTY. CLK. S James
DATE 12-15-04

was the Plaintiff's residence at the time of the breach, and Plaintiff received notice of the breach in Massachusetts.

5. Venue is properly established in this Court pursuant to 28 U.S.C §1391, as the cause of action substantially occurred in Massachusetts.

### III. FACTUAL ALLEGATIONS

6. Brilmyer is a former employee of the University of Chicago.

7. During Plaintiff's employment by the University of Chicago, Plaintiff enrolled in a long-term disability plan (the "Plan"), part of an employee welfare benefit plan as defined by 29 U.S.C. §1002(1), offered by the University of Chicago to its employees.

8. Brilmyer is a participant in the Plan as defined by 29 U.S.C. §1002(7).

9. The University of Chicago is the plan sponsor of the Plan as defined by 29 U.S.C. §1002(16)(B).

10. At the time Brilmyer enrolled in the Plan, TIAA-CREF was the administrator of the Plan as defined by 29 U.S.C. §1002(16)(A). Standard Insurance is a successor administrator to TIAA-CREF. Standard Insurance was the administrator at the time the breach occurred, and is the current administrator.

11. The Plan offered two levels of benefits for long-term disability insurance, the base long-term disability level of benefits ("Base LTD") and the optional long-term disability level of benefits ("Optional LTD").

12. A participant would be enrolled in either the Base LTD or the Optional LTD.

13. The Base LTD provides for a participant enrolled in the Base LTD to receive sixty percent (60%) of the participant's monthly wage base, less the sum of benefits the

2

participant receives from other sources, up to a maximum of $10,000.00 per month. If the participant dies while having been totally disabled for at least six (6) months, the surviving dependents of the participant will receive an income benefit.

14. The Optional LTD provides the benefits of the Base LTD with certain increases in benefits or additional benefits. First, the sixty percent (60%) of the participant's monthly wage base received as a benefit by the participant increases five percent (5%) each year the participant is disabled. Second, the participant may qualify for benefits if the participant is only partially disabled. Third, the definition of disability is more liberal. Fourth, the maximum monthly benefit is $20,000.00.

15. Up to and including some time in November, 1999 Brilmyer was enrolled in the Base LTD.

16. During the required open enrollment period, which occurred on or about November, 1999 Brilmyer filed an application along with an Employee's Statement of Health with TIAA-CREF to change Brilmyer's level of benefits from the Base LTD to the Optional LTD.

17. At the same time Brilmyer applied to change the benefit level under the Plan, Brilmyer also applied to increase the amount of a term life insurance policy which was purchased by Brilmyer as another part of the employee welfare benefit plan offered by the University of Chicago to its employees.

18. As a part of the application to change from the Base LTD to the Optional LTD and to increase group life insurance coverage, Brilmyer was required to submit a Statement of Health ("Statement of Health").

19. On or about February 17, 2000 Brilmyer received a letter from TIAA-CREF with a header reading that the letter was regarding "The University of Chicago *Group Life Insurance* Option 4 Group No. 0052" (emphasis added) temporarily declining "coverage" at that time.

20. The letter of February 17, 2000 did not include any information on the change of the level of benefits under the Plan.

21. The denial was only temporary, according to the letter of February 17, 2000.

22. On or about April 22, 2000 Brilmyer fell from a ladder and sustained a closed head injury.

23. Brilmyer was placed on short-term disability beginning on August 4, 2000.

24. Brilmyer's short-term disability benefits were exhausted on October 20, 2000, reflecting a thirteen week annual allotment of short term disability benefits.

25. Brilmyer was approved for benefits under the Base LTD on or about November 27, 2000.

26. On or about October 4, 2002 Brilmyer contacted TIAA-CREF regarding the perceived mistake of Brilmyer receiving benefits under the Base LTD rather than the Optional LTD.

27. Brilmyer contacted TIAA-CREF on or about January 22, 2003 asking TIAA-CREF to place her on the Optional LTD, as she had applied for, and to her knowledge under which she was covered.

28. Brilmyer received a letter dated January 28, 2003 from TIAA-CREF stating that Brilmyer's benefits under the Optional LTD were not denied. Rather, TIAA-CREF had no evidence she was insured for the optional coverage.

29. The letter of January 28, 2003 caused Brilmyer to believe her receiving benefits under the Base LTD rather than the Optional LTD was an error, and that TIAA-CREF would review the situation as an error rather than as a denial of coverage.

30. The letter of January 28, 2003 directed Brilmyer to send a letter and supporting documents to the Group Administration area of TIAA-CREF to appeal the decision of TIAA-CREF regarding Brilmyer's change from the Base LTD to the Optional LTD.

31. On or about February 21, 2003, Brilmyer attempted to contact the Group Administration area, to send that area supporting documents demonstrating that the denial of change of coverage was an error.

32. Brilmyer was not able to contact the appropriate person the Group Administration area, and as a result Brilmyer contacted the Group Benefits area of TIAA-CREF, and spoke to a manager in that area.

33. On March 3, 2003 Brilmyer received notice that TIAA-CREF would no longer be claims administrator for the Plan, but rather Standard Insurance would now be claims administrator for the Plan, that Standard Insurance was now responsible for evaluating claims and making determinations, and that all correspondence regarding the Plan would now be handled by Standard Insurance.

34. On March 5, 2003 Brilmyer received notice from Standard Insurance that Brilmyer's file had been referred to Standard Insurance's Quality Assurance Unit for review.

35. After review, Brilmyer received notice on April 25, 2003 from TIAA-CREF that coverage under the Optional LTD had been denied on February 17, 2000, although Brilmyer had not been provided clear notice of the declination until the date of the letter of April 25, 2003.

36. On October 9, 2003 counsel for Brilmyer contacted Standard Insurance requesting certain documents related to both the Plan and Brilmyer's file.

37. On January 12, 2004 Standard Insurance granted Brilmyer a retroactive review of the decision to deny Brilmyer coverage under the Optional LTD.

38. Brilmyer submitted additional information to Standard Insurance to assist it in its review, and signed a waiver releasing medical records to Standard Insurance to further assist it in its review.

39. On August 26, 2004 Brilmyer's attorney received a letter declining the change of coverage from the Base LTD to the Optional LTD.

40. The basis of the denial according to the letter of August 29, 2004 was Brilmyer having had fibrocystic breast disease, on-going depression, occasional tremors with unknown etiology, and disc herniation at C5/6 with neck and shoulder pain and tingling.

## COUNT I

## 29 U.S.C. §1132(a)(1)(B)

41. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 38 of this Complaint.

42. 29 U.S.C. §1132(a)(1)(B) permits a participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

43. Plaintiff is a participant in the Plan.

44. Plaintiff has been denied benefits due Plaintiff under the terms of the Plan.

45. Plaintiff has been denied rights under the term of the Plan.

46. Plaintiff has been denied rights to future benefits under the terms of the Plan.

47. Plaintiff has been damaged thereby.

## PRAYER FOR RELIEF

1. Enter judgment Plaintiff is entitled to benefits under the Optional LTD since the date of Plaintiff's removal from short-term disability.

2. Enter judgment that Plaintiff is entitled to enforce Plaintiff's rights under the Optional LTD.

3. Enter judgment that Plaintiff is entitled to future benefits under the terms of the Optional LTD.

4. Enter judgment that Plaintiff is entitled to attorney's fees and costs.

5. Grant such other relief as is just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL SUCH TRIABLE ISSUES.**

Karen Brilmyer,
By her attorney,

Dated: December 14, 2004

Peter C. Lacy, Esq. (BBO# 647935)
121 Broad Street
Jefferson, MA 01522
(508) 829-9997

JS-44
(Rev. 3/99)

# CIVIL COVER SHEET

04-40258

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for t of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KAREN L. BRILMYER

## DEFENDANTS

UNIVERSITY OF CHICAGO
AND
THE STANDARD INSURANCE COMPANY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cook
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter C. Lau
121 Broad Street
Jefferson, MA 01522
(508) 829-9997

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PL AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF |
|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization A |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Ju |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §1132(a)(1)(B) — recover benefits due Plaintiff under the terms of an disability plan, enforce rights under the plan, clarify rights to future benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE  December 14, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# 04-40258

1. Title of case (name of first party on each side only) __Brilmyer v. University of Chicago, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☐     Central Division ☒     Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Peter C. Lacy__

ADDRESS __121 Broad Street, Jefferson, MA 01522__

TELEPHONE NO. __(508) 829-9997__

Coversheetlocal.wpd - 10/17/02