UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KAREN L. BRILMYER,            )
      Plaintiff             )     C.A. No. 04-40258 FDS
                            )
v.                            )
                            )
UNIVERSITY OF CHICAGO         )
AND THE STANDARD              )
INSURANCE COMPANY,            )
      Defendants            )

## ANWER OF THE UNIVERSITY OF CHICAGO

The University of Chicago responds to the allegations of plaintiff's complaint as follows:

### FIRST DEFENSE

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 3, 19-21, 25-40 and 44.

2. Answering the allegations of paragraph 2, alleges that the University of Chicago is an Illinois not-for-profit corporation having its principal place of business in Chicago, Illinois; except as so alleged, denies the remaining allegations of that paragraph.

3. The allegations of paragraphs 4 and 5 state conclusions of law for which no response is required. To the extent the Court may otherwise construe those paragraphs, the University of Chicago alleges that plaintiff's claims are subject to and governed by ERISA and that this Court has jurisdiction over the subject matter of, and is a proper venue for, this action; except as so alleged, denies the remaining allegations of those paragraphs.

4. Admits the allegations of paragraphs 6, 7, 9, 15-18 and 22-24.

5. Answering the allegations of paragraphs 8 and 43, alleges that plaintiff was, at times, a participant in the Plan; except as so alleged, denies the remaining allegations of those paragraphs.

6. Answering the allegations of paragraph 10, alleges that The Teachers Insurance and Annuity Association ("TIAA") was the claims administrator of the Plan and Standard Insurance Company, the current claims administrator, is a successor to TIAA; except as so alleged, denies the remaining allegation of that paragraph.

7. Answering the allegations of paragraph 11, alleges that the Plan offers long-term disability ("LTD") coverage under a "Base Plan" and an "Optional Plan" as set forth in TIAA group policy No. D-0052 (the "Policy"), the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 12, alleges that Plan participants could apply for LTD coverage under the "Base" or "Optional" plans; except as so alleged, denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 13, alleges that the provisions of the "Base Plan" are as set forth in the Policy, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

10. Answering the allegations of paragraph 14, alleges that the provisions of the "Optional Plan" are as set forth in the Policy, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

11. Repeats and realleges its responses to paragraphs 1-38 in response to paragraph 41.

12. Paragraph 42 states a conclusion of law for which no response is required; to the extent the Court may otherwise construe that paragraph, it is admitted.

13. Denies paragraphs 45-47.

### SECOND DEFENSE

14. Plaintiff has failed to state a claim upon which relief may be granted.

### THIRD DEFENSE

15. The University of Chicago is not a proper party to this action.

### FOURTH DEFENSE

16. The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, et. seq., ("ERISA") preempts and bars plaintiff's state and common law causes of action.

### FIFTH DEFENSE

17. Plaintiff's remedies are limited solely to those afforded by ERISA.

### SIXTH DEFENSE

18. Plaintiff's claims are barred because Standard Insurance Company and its predecessor TIAA discharged their duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

### SEVENTH DEFENSE

19. Plaintiff's claims are barred because the actions of the defendants and their predecessors were not arbitrary, capricious, unreasonable or made in bad faith.

## EIGHTH DEFENSE

20. Plaintiff's claims are barred to the extent she has failed to satisfy administrative, statutory or other time limitations.

## NINTH DEFENSE

21. Plaintiff is not entitled to a trial by jury.

WHEREFORE, defendant University of Chicago demands judgment dismissing the complaint with prejudice and with an award of fees and costs and such further relief as the Court may deem appropriate.

_____
Brooks R. Magratten, Esq. #3585
VETTER & WHITE
Attorneys for Defendant
  University of Chicago.
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: February 18, 2005

## CERTIFICATE OF SERVICE

TO:

Peter C. Lacy, Esq.
121 Broad Street
Jefferson, MA 01522

      I hereby certify I caused to be served on the above-named counsel of record a copy of the within Answer Of The University Of Chicago by mailing first class mail, postage prepaid, on February _16th_, 2005.