UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAREN L. BRILMYER, | ) | |
| Plaintiff | ) | C.A. No. 04-40258 FDS |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF CHICAGO | ) | |
| AND THE STANDARD | ) | |
| INSURANCE COMPANY, | ) | |
| Defendants | ) | |

## ANSWER OF THE STANDARD INSURANCE COMPANY

The Standard Insurance Company responds to the allegations of plaintiff's complaint as follows:

### FIRST DEFENSE

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 2, 16 and 29.

2. Admits paragraphs 3, 6, 7, 9, 15, 17, 18 and 25.

3. The allegations of paragraphs 4 and 5 state conclusions of law for which no response is required. To the extent the Court may otherwise construe those paragraphs, Standard alleges that plaintiff's claims are subject to and governed by ERISA and that this Court has jurisdiction over and is a proper venue for this action; except as so alleged, denies the remaining allegations of those paragraphs.

4. Answering the allegations of paragraphs 8 and 43, alleges that plaintiff was, at times, a participant in the Plan; except as so alleged, denies the remaining allegations of those paragraphs.

5. Answering the allegations of paragraph 10, alleges that The Teachers Insurance and Annuity Association ("TIAA") was the claims administrator of the Plan and Standard, the current claims administrator, is a successor to TIAA; except as so alleged, denies the remaining allegation of that paragraph.

6. Answering the allegations of paragraph 11, alleges that the Plan offers long-term disability ("LTD") coverage under a "Base Plan" and an "Optional Plan" as set forth in TIAA group policy No. D-0052 (the "Policy"), the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 12, alleges that Plan participants could apply for LTD coverage under the "Base" or "Optional" plans; except as so alleged, denies the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 13, alleges that the provisions of the "Base Plan" are as set forth in the Policy, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 14, alleges that the provisions of the "Optional Plan" are as set forth in the Policy, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

10. Answering the allegations of paragraphs 19-21, alleges that TIAA transmitted to plaintiff a letter dated February 17, 2000, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of those paragraphs.

11. Answering the allegations of paragraph 22, alleges that it was reported to TIAA that plaintiff on or about April 22, 2000 fell and sustained a closed head injury: except as so alleged, denies the remaining allegations of that paragraph.

12. Answering the allegations of paragraph 23, alleges that plaintiff received LTD benefits commencing August 1, 2000; except as so alleged, denies the remaining allegations of that paragraph.

13. Denies paragraphs 24 and 44-47.

14. Answering the allegations of paragraph 26, alleges that TIAA received a telephone inquiry from a Ms. Jane Freeman on or about October 4, 2002 regarding plaintiff's LTD coverage; except as so alleged, denies the remaining allegations of that paragraph.

15. Answering the allegations of paragraph 27, alleges that TIAA received a letter from plaintiff dated January 22, 2003, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

16. Answering the allegations of paragraphs 28 and 30, alleges that TIAA mailed plaintiff a letter dated January 28, 2003, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of those paragraphs.

17. Answering the allegations of paragraphs 31 and 32, alleges that plaintiff on February 21, 2003 spoke with a TIAA representative and the substance of that telephone conversation is documented in the claim file, which speaks for itself; except as so alleged, denies the remaining allegations of those paragraphs.

18. Answering the allegations of paragraph 33, alleges that TIAA wrote plaintiff a letter dated March 3, 2003, the terms of which speak for themselves; except as so alleged, denies the remaining allegation of that paragraph.

19. Answering the allegations of paragraph 34, alleges that Standard wrote plaintiff a letter dated March 5, 2003, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

3

20. Answering the allegations of paragraph 35, alleges that Standard wrote plaintiff a letter dated April 25, 2003, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

21. Answering the allegations of paragraph 36, alleges that Standard received a letter dated October 9, 2003 from counsel for plaintiff, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

22. Answering the allegations of paragraph 37, alleges that Standard mailed a letter dated January 12, 2004 to plaintiff's counsel, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

23. Answering the allegations of paragraph 38, alleges that Standard received a letter dated March 11, 2004 from plaintiff's counsel, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of that paragraph.

24. Answering the allegations of paragraphs 39 and 40, alleges that Standard mailed letters dated August 19, 2004 and August 26, 2004 to plaintiff's counsel pertaining to the denial of plaintiff's application to increase life and LTD coverage, the terms of which speak for themselves; except as so alleged, denies the remaining allegations of those paragraphs.

25. Repeats and realleges the allegations of paragraphs 1-38 in response to paragraph 41.

26. Paragraph 42 states a conclusion of law for which no response is required; to the extent the Court may otherwise construe that paragraph, it is admitted.

**SECOND DEFENSE**

27. Plaintiff has failed to state a claim upon which relief may be granted.

4

## THIRD DEFENSE

27. The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, et. seq., ("ERISA") preempts and bars plaintiff's state and common law causes of action.

## FOURTH DEFENSE

28. Plaintiff's remedies are limited solely to those afforded by ERISA.

## FIFTH DEFENSE

29. Plaintiff's claims are barred because Standard and its predecessor TIAA discharged their duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## SIXTH DEFENSE

30. Plaintiff's claims are barred because the actions of Standard and its predecessor TIAA were not arbitrary, capricious, unreasonable or made in bad faith.

## SEVENTH DEFENSE

31. Plaintiff is not entitled to a trial by jury.

WHEREFORE, defendant Standard Insurance Company demands judgment dismissing the complaint with prejudice and an award of fees and costs and such further relief as the Court may deem appropriate.

Brooks R. Magratten, Esq.
BBO# 650393
VETTER & WHITE
Attorneys for Defendant Standard
Insurance Company
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 277-6803 [FAX]

Date:  February *18* , 2005

## CERTIFICATE OF SERVICE

To:

Peter C. Lacy, Esq.
121 Broad Street
Jefferson, MA 01522

      I hereby certify that I served on the above-named counsel of record a copy of the within Answer of The Standard Insurance Company by first class mail, postage prepaid, on the _18th_ day of February, 2005.