UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KAREN L. BRILMYER, )
    Plaintiff )  C.A. No. 04-40258 FDS
 )
v. )
 )
UNIVERSITY OF CHICAGO )
AND THE STANDARD )
INSURANCE COMPANY, )
    Defendants )

### DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S OBJECTION TO THEIR JOINT MOTION FOR SUMMARY JUDGMENT

Defendants Standard Insurance Company ("Standard") and the University of Chicago (the "University") herein respond to Plaintiff's Objection to their Joint Motion for Summary Judgment.

### I. The Court Must Apply An Arbitrary And Capricious Standard Of Review To Standard's Decisions

Plaintiff relies on Cleary v. Knapp Shoes, Inc., 924 F. Supp. 309 (D.Mass. 1996), for her argument that the Policy does not confer discretionary authority on Standard. The Cleary court considered whether plan language stating that "an applicant for benefits must submit proof of loss as a condition precedent to payment" was sufficient to confer discretionary authority on the plan administrator. Id. The court held that this language did not confer discretionary authority because it was a "proof of loss" provision that only required evidence of incurring medical expense. Id. at 313. The court contrasted plan language in Miller v. Metropolitan Life Ins. Co., 925 F.2d 979 (6th Cir. 1991). Id. at 312-313. The language in Miller provided that an employee would be deemed disabled "on the basis of medical evidence satisfactory to the

Insurance Company..." Id., quoting Miller, 925 F.2d 979, 983 (6th Cir. 1991). The Cleary court distinguished the Miller provision from a proof of loss provision, noting that it "does not merely require evidence of incurring a medical expense . . . but expressly require[s] medical evidence satisfactory to the insurer of the condition suffered by the applicant for benefits." Id.

Here, the insurance certificate provides: "Written proof of Total Disability or Disability is required at reasonable intervals to be determined by TIAA. *All proof must be satisfactory to TIAA.*" Affidavit of Susan Loeb ("Loeb Aff.), Exhibit B, p. 52 [emphasis added]. This provision mirrors the language in Miller. It expressly requires medical evidence satisfactory to the insurer, not simply evidence of incurring medical expense. Moreover, the First Circuit and other circuit courts have found this kind of language sufficient to confer discretionary authority. See Brigham v. Sun Life of Canada, 317 F.3d 72, 82 (1st Cir. 2003); Nance v. Sun Life Assur. Co. of Canada, 294 F.3d 1263, 1267-68 (10th Cir. 2002); Perez v. Aetna Life Ins. Co., 150 F.3d 550, 555 (6th Cir. 1998).

As the assignee of TIAA's policy, Standard stands in TIAA's shoes. Rhode Island Hospital Trust National Bank v. Ohio Casualty Ins. Co., 789 F.2d 74 (1st Cir. 1986); Seney v. Prudential Property & Casualty Ins. Co., 1997 WL 835052 (Mass. Super. 1997); Chicorp Financial Services, Inc. v. University of Massachusetts, 1994 WL 879525 (Mass. Super. 1994). It has the same rights and obligations under the Policy as did TIAA. The discretionary authority conferred on TIAA is also conferred on Standard as TIAA's successor. The Court must therefore apply an arbitrary and capricious standard of review to Standard's denial of Optional LTD coverage.

## II. Plaintiff Cannot Reach Beyond The Scope Of The Administrative Record

Plaintiff argues that evidence outside of the administrative record should be admissible if the Court reviews Standard's decision de novo. Contrary to plaintiff's assertions, the evidence is limited to the administrative record irrespective of what standard of review the Court employs. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005). Plaintiff tries to distinguish Orndorf based on the fact that the court used an arbitrary and capricious standard of review. The Orndorf court, however, opined that: "Even under de novo review, the focus is still the administrator's decision and review must ordinarily be based on the administrative record." Orndorf, 404 F.3d at 519. De novo review does not mean that a district court has plenary jurisdiction to decide on the merits, anew, a benefits claim. Recupero v. New England Tel. & Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997).

The dispute of law notwithstanding, Ms. Brilmyer's argument about the scope of evidence is essentially moot. Other than a few allegations in her affidavit (see Affidavit of Karen Brilmyer ("Brilmyer Aff."), ¶¶ 26 and 27)[1], the evidence submitted by Ms. Brilmyer in response to the summary judgment motion has been limited to the administrative record.

## III. Standard Had No Conflict Of Interest When It Denied Ms. Brilmyer's Claim

To support her request that the Court apply a less deferential standard of review, Ms. Brilmyer suggests that Standard may have been acting under a financial conflict of interest when it denied her claim for benefits under the Optional plan. Memorandum in Support of Plf's Objection, p. 9. The First Circuit, however, has yet to find general allegations of improper motive sufficient to affect the standard of review, even where the decision maker funds benefits.

---

[1] In these paragraphs, Ms. Brilmyer comments on what she understood from TIAA's January 28, 2003 letter. These comments are outside of the administrative record and should be disregarded by the Court. See Orndorf, 404 F.3d at 519.

3

The mere fact that an individual claim, if paid, would cost the decision maker something does not, by itself, show that the decision was improperly motivated. Doe v. Travelers Ins. Co., 167 F.3d 709, 711 (1st Cir. 1999); Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181 (1st Cir. 1998). The fact that Standard funds benefits under the Plan is not sufficient to justify a heightened standard of review.

### IV. The Material Facts Are Not In Dispute—Neither TIAA Nor Standard Approved Ms. Brilmyer's Application for Optional LTD Coverage

Plaintiff does not dispute the material facts on which defendant moves for summary judgment. She acknowledges that she was originally enrolled for Base LTD. Brilmyer Aff., ¶ 6. She concedes that she "did not receive any specific acknowledgement that her application for the Optional LTD was approved..." Plf's Memorandum, p. 10. Rather, Ms. Brilmyer alleges that she is entitled to Optional LTD because she never received "specific information" that her application was denied. Id. Under the explicit terms of the Policy and Plan, however, a change from Base to Optional LTD will take effect on the first day of the month following the date TIAA explicitly *approves* a participant's proof of good health. Loeb Aff., ¶ 5. Optional LTD is not automatically instated and does not take effect in the absence of a denial. There is nothing arbitrary or capricious about Standard's decision to deny Optional LTD coverage when Ms. Brilmyer was never approved for it.[2]

### V. Ms. Brilmyer Cannot Prevail Under An Estoppel Theory

Putting aside whether the First Circuit even allows an estoppel claim in an ERISA case – and plaintiff has offered no authority for the proposition that the First Circuit would adopt the minority view -- neither Standard nor TIAA represented to Ms. Brilmyer that she was

---

[2] In her Objection, Ms. Brilmyer does not challenge the reasonableness Standard's decision to deny her Optional LTD coverage after its retroactive consideration of her application.

4

approved for Optional LTD coverage. Ms. Brilmyer admits that she "did not receive any specific acknowledgement that her application for Optional LTD was approved." Plf's Memorandum, p. 10. Rather, she argues that the "effect of all their communications taken as a whole constitutes a misrepresentation of fact." Id. The communications from Standard and TIAA to Ms. Brilmyer cannot plausibly be construed as a representation that her application was approved or that she was covered under Optional LTD. Both consistently stated to Ms. Brilmyer that she was covered under Base LTD only. Any reliance by Ms. Brilmyer on these statements as an indication that she was covered under Optional LTD would be unreasonable. Because Ms. Brilmyer can point to no misrepresentation by Standard or TIAA about her coverage under Optional LTD on which she reasonably relied, she cannot prevail on her estoppel claim.

## VI. The University Is Not a Proper Party

In determining whether a party is the proper defendant in a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), the key issue is whether a party has control over administration of the plan. DiGregorio v. Pricewaterhousecoopers Long Term Disability Plan, 2004 WL 1774566 *15 (D. Mass. 2004). The focus is on function, not labels. DiGregorio at *15. Although the University is the named plan administrator, it does not control approval of participants for Optional LTD coverage or claims for benefits submitted under the Plan. Standard is responsible for approving or rejecting a participant's application for Optional LTD coverage. Loeb Aff., Exhibits A and B. Standard receives and processes a participant's proof of claim and disability. Id. All proof of disability must be satisfactory to Standard, not the University. Standard handles appeals of benefit determinations. Id. Standard, not the University, rendered the coverage decision at issue in this case. Because the University does not

control administration of claims and had no substantive involvement in the decision to deny Ms. Brilmyer Optional LTD coverage, all claims against the University should be dismissed.[3]

## CONCLUSION

There is no genuine issue of material fact. Neither Standard nor TIAA approved Ms. Brilmyer for Optional LTD coverage. Using any standard of review, Standard's decision to deny Ms. Brilmyer Optional LTD benefits was correct.

*/s/ Brooks R. Magratten*
Brooks R. Magratten, Esq. BBO# 650393
Catherine A. Syner, Esq. BBO # 657982
VETTER & WHITE
  Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: September 14, 2005

---

[3] Plaintiff distinguishes <u>DiGregorio</u> on the fact that the plan administrator and claim administrator in that case had a long term disability benefit administration agreement. This is a distinction without a difference. The court cited the agreement as evidence of the control exerted by the claim administrator over the plan. It did not hold that such an agreement is a pre-requisite to finding that a plan administrator is not the proper defendant.

## CERTIFICATE OF SERVICE

To:

Peter C. Lacy, Esq.
121 Broad Street
Jefferson, MA 01522

I hereby certify I caused to be served on the above-named counsel of record a copy of the within Reply Memorandum by mailing first class mail, postage prepaid, on September _14_, 2005.

_[signature]_