UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN L. BRILMYER<br>          Plaintiff<br><br>          v.<br><br>UNIVERSITY OF CHICAGO and<br>THE STANDARD INSURANCE COMPANY<br>          Defendants | CIVIL ACTION<br><br>Docket Number 04-40258 FDS |

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' REPLY MEMORANDUM

Plaintiff Karen L. Brilmyer ("Brilmyer") herein responds to Defendants' Memorandum

in Reply to Plaintiff's Objection to Their Joint Motion for Summary Judgment.

**I.       The Court Must Apply a *de Novo* Standard of Review to Standard Insurance Company's and University of Chicago's Decisions**

In their argument that this Court must apply an arbitrary and capricious standard of review to

the decisions of Standard Insurance Company ("Standard") and the University of Chicago (the

"University"), Defendants' attempt to demonstrate that language in the Certificate of Insurance

confers discretionary authority upon Standard, thereby obviating the application of a *de novo*

review. "Under First Circuit precedents, the language of an ERISA plan must *clearly* confer

discretion on the plan administrator to merit review under the arbitrary and capricious standard."

Cleary v. Knapp Shoes, Inc., 924 F. Supp. 309, 313 (D. Mass. 1996) (emphasis in original). The

language relied upon by the Defendants reads as follows: "Written proof of Total Disability or

Disability is required at reasonable intervals to be determined by TIAA. All proof must be

satisfactory to TIAA". Affidavit of Susan Loeb ("Loeb Aff."), Exhibit B to Loeb Aff., p. 52. In

fact, the language, *in whole*, reads as follows: "Written proof of *continued* Total Disability or Disability is required at reasonable intervals to be determined by TIAA. All proof must be satisfactory to TIAA" [emphasis added]. Exhibit B to Loeb Aff., p. 52. The two sentences cited, and relied upon, by Standard and University are the last sentences of a section titled "Written Proof". Id. The purpose of the section in which the cited language is found is to describe how to submit a proof of loss. Read in conjunction with the entire section, the cited language is not describing discretionary authority on the part of Standard to determine whether a claim for benefits will be allowed or not, but rather is merely denoting that the condition of the paperwork submitted as a proof of loss must be acceptable to Standard. At the very best, the cited language does not *clearly* confer discretionary authority upon Standard. In <u>Miller. v. Metropolitan Life Ins. Co.</u>, 925 F.2d 979 (6tf Cir. 1991) cited by both the <u>Cleary</u> court as well as the Defendants, the court found that the plan administrator in that case did in fact have discretionary authority. However, the language of the plan considered by the <u>Miller</u> court described more than the mere mechanics of the submission of a proof of loss, but rather described eligibility requirements that a plan participant would have to meet in order to receive benefits. The conferred discretion was clear in the Miller case, and either does not exist here or is not clear from the language of the insurance certificate to exist. The proper standard of review for the Court to apply in the present case is a *de novo* standard.

## II.    Plaintiff Can Reach Beyond the Scope of the Administrative Record

The administrative record in this matter is the record upon which, in theory, Standard relied in denying Brilmyer's claim for benefits under the optional long term disability plan in which she enrolled. However, additional evidence must be considered by this Court in conducting a *de novo* review, in order to determine whether Standard wrongfully denied Brilmyer benefits under

2

the optional long term disability plan. In <u>Orndorf v. Paul Revere Life Ins. Co.</u>, 404 F. 3d 510 (1st.

Cir. 2005), the court reviewed the denial of benefits to a plan participant by a plan administrator.

The issue in that case surrounded the definition of disability, and whether the plan participant

met the eligibility requirements to be considered disabled under the terms of the plan. In that

particular circumstance, the court held that it was proper to limit the review to the administrative

record. The <u>Orndorf</u> court did go further and state, however, "[t]here may be times when it is

appropriate for courts to hear new evidence. Where the challenge is not to the merits of the

decision to deny benefits, but to the procedure used to reach the decision, outside evidence may

be of relevance. For example, evidence outside the administrative record might be relevant to a

claim of personal bias by a plan administrator or of prejudicial procedural irregularity in the

ERISA administrative review procedure." <u>Orndorf</u>, 404 F. 3d at 520. Brilmyer has claimed that

the procedure used to reach the decision to deny her benefits was wrongful, and therefore

additional evidence beyond that found in the administrative record must be admitted.

### III. Standard Had a Conflict of Interest When it Denied Ms. Brilmyer's Claim

A conflict of interest has been recognized by various courts reviewing cases in the context of

ERISA as being grounds upon which relief may be granted. In <u>Doyle v. Paul Revere Life Ins.</u>

<u>Co.</u>, 144 F. 3d 181 (1st Cir. 1998), as cited by the Defendants, the court had reviewed the denial

of benefits under an arbitrary and capricious standard. The court held that, when an arbitrary and

capricious standard is being applied, the "deferential standard may not be warranted…when a

conflict of interest exists…." <u>Doyle</u>, 144 F. 3d at 184. Rather, the court held that they standard

would be given more 'bite.' <u>Id</u>. The <u>Doyle</u> court goes on to cite other cases that have dealt with

conflicts of interest in other ways. Defendants state that a conflict of interest does not arise

merely by a decision maker making a decision that saves itself money. The conflict of interest in

this case, however, is more than a decision by the Defendants that saved themselves money. The conflict resulted in Brilmyer being denied benefits to which she was entitled.

### IV. The Material Facts are in Dispute

Defendants argue that there is no genuine issue of material fact, but in fact there are several genuine issues of material fact in this case. The facts in dispute revolve around the process of the review of the application by Brilmyer for benefits under the optional long term disability plan. The Defendants rely on bare allegations of facts in making the argument that they are entitled to summary judgment. Plaintiff refers back to it previous memorandum of law in this case as demonstration of the issues of material fact that exist.

### V. Ms. Brimlyer Can Prevail Under an Estoppel Theory

The elements of an estoppel claim are that a misrepresentation of fact was made, and the person to whom the misrepresentation was made relied on the misrepresentation to the person's detriment. Defendant's argue that the communications from Standard and TIAA to Brilmyer "cannot plausibly be construed as a representation that her application was approved or that she was covered under [sic] Optional LTD." Plaintiff strenuously disagrees with this contention of the Defendants, as in fact what Defendants claim could not plausibly have happened did in fact happen. The bare allegations made by the Defendants, both on this point and the others, do not entitle them to summary judgment. Their contention actually demonstrates that there is a genuine issue of material fact at hand.

### VI. The University is a Proper Party

Defendants claim that the terms of plan administrator as applied to University is merely a "label", despite the fact that the Certificate of Insurance, on which the Defendants ask this Court to rely verbatim in its earlier arguments, names the University as the plan administrator.

4

University has delegated certain of its duties as plan administrator to Standard, but remains the plan administrator. <u>Black & Decker Disability Plan v. Nord</u>, 538 U.S. 822, 123 S.Ct. 1965 (U.S.,2003). With regard to what University controls and what Standard controls, and what has been delegated, and what discretion has been given to Standard are all genuine issues of material fact that cannot be determined based on the administrative record, but rather can only be determined through the proper course of discovery.

### VII. Conclusion

Standard and University have not proven there is no genuine issue of material fact in this case, which would entitle them to summary judgment. Furthermore, Brilmyer has shown that there are several genuine issues of material fact, and therefore summary judgment cannot enter.

<div style="margin-left:40%;">

Karen L. Brilmyer,
By her attorney,


Peter C. Lacy, Esq.  (BBO# 647935)
800 Main Street
Holden, MA 01520
(508) 829-9997

</div>

Dated: September 30 2005

5

## CERTIFICATE OF SERVICE

TO:

Brooks R. Magratten
Vetter & White
20 Washington Place
Providence, RI 02903

     I hereby certify I caused to be served on the above-named counsel of record a copy of the

within memo by first class mail, postage prepaid, on September 30, 2005.